McBRIDE, Judge.
The circumstances out of which this case arose are as follows: On June 2, 1946, plaintiff, Frank A. Brescher, -purchased from Norwood C. McDonald a Dodge 1941 model four-door sedan automobile, having Motor No. _ P 450897 and Serial .No. 30511505, for the price and sum of $1,200. The sale was made, plaintiff, alleges, with full warranty and with subrogation to any and all rights or actions of warranty which McDonald had against his vendor.
McDonald had purchased the automobile from Service Motor Company for $1,199.-88 on January 2, 1946.
According to the allegations of the petition, on or about January 30, 1947, Oscar E. Haring, doing business as Automotive Finance Company, filed in the Twenty-first Judicial District Court for the Parish of Tangipahoa a petition for executory process in the matter entitled, “Oscar E. Haring, etc., vs. Charles G. Mosbey,” in which proceeding the Sheriff of said parish, on February 6, 1947, issued a notice of seizure of the following described automobile: One used Dodge four-door sedan, Motor No. D19-171024, Serial No. 30511506.
•It is alleged that the Sheriff wrongfully seized from plaintiff the automobile which he had purchased from McDonald, and that in' due' course it was sold by the Sheriff in said proceeding to Oscar E. Haring.
Plaintiff sued Service Motor Company and its component partners, and Oscar E. Haring and Norwood C. McDonald, in solido, claiming the sum of $1,800 for the said seizure and sale of his automobile, but later moved that he be allowed to discontinue, as of nonsuit, the claim against Oscar E. Haring, and an order to that effect was duly issued by the lower court.
*837 A preliminary default was entered against Norwood C. McDonald, who failed to make answer to the petition.
Service Motor Company and the partners therein filed what amounts to a general denial of the allegations of the petition, and the matter was heard on its merits in the court below. Judgment was rendered in favor of Service Motor Com-, pany, dismissing plaintiff’s claims as against said defendant, from which judgment the plaintiff has perfected this appeal.
The theory of plaintiff’s case is that whereas he suffered an eviction of the automobile purchased from McDonald, Service Motor Company is liable unto plaintiff on its warranty made to McDonald, to which plaintiff was subrogated.
At the outset, we observe that the automobile which plaintiff testified he bought from McDonald bears motor and serial numbers different from those stated in the notice of seizure, and it is unexplained why the Sheriff of Tangipahoa Parish levied upon plaintiff’s automobile.
Counsel for plaintiff offered six exhibits in evidence, but we are not informed as to their nature. They were not filed in evidence, nor are they to be found in the transcript.
Another, odd circumstance -is why the foreclosure instituted by Harmg was directed against Charles G. Mosbey, who was named as defendant therein. There is not a shred of evidence showing Mosbey’s connection with plaintiff’s automobile. Nor does the record show what or whose chattel mortgage was executed upon, nor does the date or any details thereof appear.
R.C.C. art. 2475 provides that the seller is bound to two principal obligations, that pf delivering and that of warranting the thing he sells. R.C.O. art. 2476 provides: “The warranty respecting the seller has two objects; the first is the buyer’s peaceable possession of the thing sold, ■ and the second is the hidden defects of the thing sold or its redhibitory vices.”
R.C.C. art. 2501 reads: “Although at the time of-the sale no stipulations have been made respecting the warranty, the seller is obliged, of course, to warrant the buyer against the eviction suffered by him from the totality or part of the thing sold, and against the charges claimed on such thing, which were not declared at the time of the sale.”
Eviction is defined by R.C.C. art. 2500 as: “ * * * the loss suffered by the buyer of the totality of the thing sold, or of a part thereof, occasioned by the right or claims of a third person.”.
It has been held that the foreclosure of a prior undeclared mortgage constitutes an eviction of the purchaser of the property. Tomlinson v. Thurmon et al., 189 La. 959, 181 So. 458.
Because of the paucity of evidence, we are not able to determine whether plaintiff was evicted by reason of any chattel mortgage existing on his automobile at the time of its purchase by McDonald from the Service Motor Company. If plaintiff had been evicted by virtue of a pre-existing chattel mortgage bearing against his automobile, perhaps he would have had the right to pursue Service Motor Company in warranty, but in the absence of such showing, clearly he is not entitled to such remedy.
R.C.C. art. 2502 reads in part as follows : “That the warranty should have existence, it is necessary that the right of the person evicting shall have existed before the sale. *. * *”
The judgment was an outright dismissal of plaintiff’s claim against Service Motor Company, but because of plaintiff’s utter failure to produce sufficient evidence in proof of his demand, we believe, that the judgment should have been one of nonsuit, and, therefore,
It is ordered that the judgment appealed from be amended so as to show that. the appellant’s suit as against Service Motor Company and its partners be dismissed as in the oase of nonsuit, and as thus amended and in all other respects it is affirmed. Plaintiff-appellant to pay cost of this appeal.
Amended and affirmed.